IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENNY FETTER, | ) | CASE NO. 5:05CV0112 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE NUGENT |
| v. | ) | |
| | ) | MAGISTRATE JUDGE HEMANN |
| CARL S. ANDERSON, Warden, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2).  Before

the court is Denny Fetter's ("Fetter") petition for a writ of habeas corpus filed pursuant to 28

U.S.C. § 2254.  Fetter is in the custody of the Ohio Department of Rehabilitation and

Correction pursuant to a journal entry of sentence in the case of *State of Ohio v. Fetter*, Case

No. 02-CR-0013 (Wayne County 2002).  For the reasons given below the magistrate judge

recommends that the petition be denied.

I.

The state appellate court  reviewing Fetter's conviction described the following facts

as emerging from the testimony of the witnesses at Fetter's trial:

Officer Thomas Webber and Officer Donald Hall testified that they responded
to a call concerning a shooting that occurred on January 19, 2002.  They further
testified that when they arrived at the scene of the crime, they discovered Brannon
Snyder ("Snyder"), the victim, lying on the ground.  Officer Hall stated that he asked
Snyder who had shot him, but that Snyder was unable to speak.  Officer Hall noted that
the injury appeared to be a shotgun wound; particularly, it appeared as though the load
punctured Snyder's chest.

Detective William Hofer testified that he investigated the shooting of Snyder. He indicated that he received a tip regarding the possible location of the weapon, and that he proceeded to that location. Detective Hofer stated that he discovered a Mossberg 12-gauge shotgun, and that in its chamber he recovered a "spent" 12-gauge shell and a live round. He further stated that he spoke with Mr. Fetter, and that Mr. Fetter initially asserted that he was not at the scene of the crime. Detective Hofer asserted that Mr. Fetter also denied shooting Snyder, but that Mr. Fetter admitted that he owned a shotgun. He explained that he spoke with Mr. Fetter on another occasion, and, during this second meeting, Mr. Fetter admitted that he had shot Snyder. Detective Hofer finally stated that Mr. Fetter acknowledged that he had been drinking on the day of the incident; specifically, he had drunk wine and ten beers.

Officer Matthew Cruise testified that he participated in the investigation of the shooting. He further testified that a garbage can was discovered in the house where the shooting occurred, and that it was filled with beer cans.

Wayne Lennox ("Lennox") testified that on January 19, 2002, Mr. Fetter had drunk beer. He further testified that later that day Kristi Wise ("Wise"), Mr. Fetter's daughter, and Snyder came to the house. Lennox asserted that Wise and Snyder eventually went upstairs. He indicated that Mr. Fetter started "messing around" with a shotgun, and that Mr. Fetter later said, "I'm gonna mess with [Snyder's] head[.]" He explained that Mr. Fetter then proceeded upstairs with the shotgun. Lennox further explained that he heard a loud "crack," and that Wise stated, "he shot him[.]" He testified that he went upstairs and saw Mr. Fetter holding the shotgun and Snyder lying on the floor in the fetal position.

Dr. P.S. Sreenivasa Murthy, the Chief Deputy Coroner for Wayne County, testified that Snyder sustained a "very prominent shotgun wound[.]" Dr. Murthy explained that the load caused massive damage to his lungs and ruptured his heart. Dr. Murthy stated that Snyder died as a result of a massive hemorrhage.

Following the State's witnesses, Mr. Fetter testified. Mr. Fetter stated that he did not know how much he had drunk on January 19, 2002; however, he did state that it was "too much." Mr. Fetter acknowledged that he was drunk, and further explained that the shooting occurred " '[c]ause [he is] a[n] idiot * * * stupid drunk[.]" Finally, Mr. Fetter admitted that he initially denied any involvement in the shooting when he spoke to the police; he did assert that he subsequently informed the police that he had been involved in the shooting.

*State v. Fetter*, 2003 WL 22439742, at *2-*3 (Ohio App. 2003).

On January 23, 2002 the January 2000 term of the Wayne County grand jury indicted

2

Fetter on one count of  involuntary manslaughter with a firearm specification and having a weapon while under a disability.  Fetter pleaded not guilty to these charges.  A jury trial followed.  Fetter moved for acquittal on the count of having a weapon while under a disability pursuant to Ohio Crim. R. 29 at the close of the State's case and at the close of his case.  The court denied both motions.  On June 28, 2002 the jury found Fetter guilty on both counts.  On July 3 2002 the court sentenced Fetter to four years on the count of involuntary manslaughter, one year on the second count to be served concurrently with the sentence for involuntary manslaughter, and three years on the firearm specification, the latter sentence to be served consecutively to the other sentences.

The trial court failed to assign appellate counsel to Fetter, and Fetter consequently failed to file a timely notice of appeal.  On January 29, 2003 Fetter filed in the trial court a petition to set aside his conviction and/or sentence, pointing out the trial court's failure to appoint appellate counsel.  After a hearing the trial court appointed appellate counsel and ordered Fetter to file a delayed appeal in the state appellate court.  On March 3, 2003 Fetter filed a notice of appeal in the trial court and a motion for leave to file a delayed appeal in the state appellate court.  The appellate court granted this motion on March 20, 2003.  In his brief in support of his appeal, Fetter asserted the following assignments of error:

FIRST ASSIGNMENT OF ERROR

The trial court violated Denny Fetter's rights to due process and a fair trial when it found him guilty of involuntary manslaughter, in the absence of competent and credible evidence.  Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution.

SECOND ASSIGNMENT OF ERROR

3

The trial court violated Denny Fetter's right to due process when it convicted him of involuntary manslaughter, when that finding was against the manifest weight of the evidence. Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution.

THIRD ASSIGNMENT OF ERROR

The trial court violated Denny Fetter's due process rights, and erred as a matter of law, when it sentenced him to the maximum prison term without making the requisite statutory findings. Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution.

FOURTH ASSIGNMENT OF ERROR

Denny Fetter's right to the effective assistance of counsel was violated. Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution.

On October 29, 2003 the state appellate court overruled Fetter's assignments of error and

affirmed the judgment of the trial court.

Fetter filed a timely appeal in the Ohio Supreme Court on December 12, 2003. Fetter

presented the following propositions of law in his memorandum in support of jurisdiction:

PROPOSITION OF LAW NO. I:

THE TRIAL COURT VIOLATED APPELLANT'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN IT CONVICTED HIM OF INVOLUNTARY MANSLAUGHTER, IN THE ABSENCE OF COMPETENT AND CREDIBLE EVIDENCE THAT HE WAS IN THE PROCESS OF COMMITTING A MISDEMEANOR WHEN THE VICTIM WAS SHOT, IN VIOLATION OF FIFTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.

PROPOSITION OF LAW NO. II:

THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS WHEN IT CONVICTED HIM OF INVOLUNTARY MANSLAUGHTER, WHEN THAT FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED

4

STATES CONSTITUTION, AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.

PROPOSITION OF LAW NO III:

THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS, AND ERRED AS A MATTER OF LAW, WHEN IT SENTENCED HIM TO A MAXIMUM PRISON TERM WITHOUT MAKING THE REQUISITE STATUTORY FINDINGS. FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.

PROPOSITION OF LAW NO. IV:

APPELLANT'S RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED WHEN THEY FAILED TO INCLUDE THE INVOLUNTARY MANSLAUGHTER OFFENSE IN THEIR MOTIONS FOR ACQUITTAL. SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.

On March 24, 2004 the Ohio Supreme Court denied Fetter leave to appeal and dismissed his appeal as not involving any substantial constitutional question.

On January 20, 2004 Fetter moved in the state appellate court to reopen his direct appeal pursuant to Ohio App., R. 29(B).  Fetter raised three assignments of error in his memorandum in support of jurisdiction:

MERITORIOUS ERROR NO. I

TRIAL COUNSEL WAS INCOMPETENT BY FAILING TO OBJECT WHEN THE PROSECUTOR, DURING VOIR DIRE, REVEALED TO THE JURY APPELLANT'S PRIOR-CRIMINAL-RECORD OF MORE THAN TEN YEARS OLD, DEPRIVING APPELLANT OF THE SIXTH AMENDMENT RIGHT TO COMPETENT REPRESENTATION AND EFFECTIVE ASSISTANCE OF COUNSEL, VIOLATIVE OF EVID.R. 609(B).

MERITORIOUS ERROR NO. II

TRIAL COUNSEL WAS INCOMPETENT FOR FAILING TO TAKE THE

5

NECESSARY STEPS TO PROHIBIT APPELLANT'S PRIOR CRIMINAL RECORD FROM BEING REVEALED TO THE JURY, AND FOR UNNECESSARILY ELICITING TESTIMONY FROM APPELLANT WHEN SUCH TESTIMONY ONLY PROVED TO ASSIST THE PROSECUTION IN ITS BURDEN OF PROOF FOR THE ELEMENT OF HANDLING FIREARMS WHILE INTOXICATED, R.C. §2923.15.

MERITORIOUS ERROR NO. III

TRIAL COUNSEL WAS INCOMPETENT FOR FAILING TO SEVER THE INVOLUNTARY MANSLAUGHTER COUNT OF THE INDICTMENT FROM THE HAVING A WEAPON WHILE UNDER A DISABILITY COUNT OF THE INDICTMENT, BECAUSE HAD THE PROSECUTOR NOT REVEALED PETITIONER'S PRIOR-CRIMINAL RECORD TO THE JURY, THE HAVING WEAPON WHILE UNDER A DISABILITY COUNT WOULD HAVE INFORMED THE JURY THAT PETITIONER HAS PRIOR CONVICTION(S) DENYING THE APPELLANT DUE PROCESS OF LAW DUE TO INCOMPETENT, INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

On February 23, 2004 the state appellate court denied Fetter's motion to reopen his appeal.

Fetter moved the appellate court to reconsider its opinion, and the appellate court denied

Fetter's motion on April 6, 2004.

Fetter filed a timely notice of appeal of the appellate court's denial of his motion to

reopen his appeal.  He raised three propositions of law in his memorandum in support of

jurisdiction:

PROPOSITIONS [sic] OF LAW NO.I:
APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF "APPELLATE" COUNSEL FOR FAILING TO RAISE THAT, TRIAL COUNSEL WAS INCOMPETENT BY FAILING TO OBJECT WHEN THE PROSECUTOR, DURING VOIR DIRE, REVEALED TO THE JURY APPELLANT'S PRIOR-CRIMINAL-RECORD OF MORE THAN TEN YEARS OLD, DEPRIVING APPELLANT OF THE SIXTH AMENDMENT RIGHT TO COMPETENT REPRESENTATION AND EFFECTIVE ASSISTANCE OF COUNSEL, VIOLATIVE OF EVID.R. 609(B).

PROPOSITION OF LAW NO II:
APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE TRIAL COUNSEL'S INCOMPETENCE FOR FAILING TO TAKE THE NECESSARY STEPS

6

TO PROHIBIT APPELLANT'S PRIOR-CRIMINAL-RECORD FROM BEING REVEALED TO THE JURY, AND FOR UNNECESSARILY ELICITING TESTIMONY FROM APPELLANT WHEN SUCH TESTIMONY ONLY PROVED TO ASSIST THE PROSECUTION IN ITS BURDEN OF PROOF FOR THE ELEMENT OF HANDLING FIREARMS WHILE INTOXICATED, R.C. §2923.15.

PROPOSITION OF LAW NO.III:
    APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE TRIAL COUNSEL'S INCOMPETENCE FOR FAILING TO SEVER THE INVOLUNTARY MANSLAUGHTER COUNT OF THE INDICTMENT FROM THE HAVING WEAPON WHILE UNDER DISABILITY COUNT OF THE INDICTMENT, BECAUSE HAD THE PROSECUTOR NOT REVEALED PETITIONER'S PRIOR-CRIMINAL-RECORD TO THE JURY, THE HAVING WEAPON WHILE UNDER DISABILITY COUNT WOULD HAVE INFORMED THE JURY THAT PETITIONER HAS A PRIOR RECORD, DENYING THE APPELLANT DUE PROCESS OF LAW DUE TO INCOMPETENT, INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

(Punctuation in the original).  On June 23, 2004 the Ohio Supreme Court denied Fetter leave

to appeal and dismissed his appeal as not involving any substantial constitutional question.

On January 20, 2005 Fetter filed a petition for a federal writ of habeas corpus in this

court.  Fetter raises the following claims for relief in his petition:

GROUND ONE

PETITIONER'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WERE VIOLATED WHEN THE STATE TRIAL COURT CONVICTED HIM OF INVOLUNTARY MANSLAUGHTER, IN THE ABSENCE OF COMPETENT AND CREDIBLE EVIDENCE THAT HE WAS IN THE PROCESS OF COMMITTING A MISDEMEANOR WHEN THE VICTIM WAS SHOT, IN VIOLATION OF FIFTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

GROUND TWO

PETITIONER'S RIGHT TO DUE PROCESS WAS VIOLATED, BY THE TRIAL COURT, WHEN IT CONVICTED HIM OF INVOLUNTARY MANSLAUGHTER, WHEN THAT FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

GROUND THREE

7

PETITIONER'S RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WAS VIOLATED WHEN COUNSELS' FAILED TO INCLUDE THE INVOLUNTARY MANSLAUGHTER OFFENSE IN THEIR MOTIONS FOR ACQUITTAL, VIOLATIVE OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

GROUND FOUR

PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF "APPELLATE" COUNSEL FOR FAILING TO RAISE THAT, TRIAL COUNSEL WAS INCOMPETENT BY FAILING TO OBJECT WHEN THE PROSECUTOR, DURING VOIR DIRE, REVEALED TO THE JURY PETITIONER'S PRIOR-CRIMINAL-RECORD OF MORE THAN TEN YEARS OLD, DEPRIVING PETITIONER OF THE SIXTH AMENDMENT RIGHT TO COMPETENT REPRESENTATION AND EFFECTIVE ASSISTANCE OF COUNSEL, VIOLATIVE OF EVID.R. 609(B).[1]

APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE TRIAL COUNSEL'S INCOMPETENCE WHEN FAILING TO TAKE THE NECESSARY STEPS TO PROHIBIT PETITIONER'S PRIOR-CRIMINAL-RECORE [sic] FROM BEING REVEALED TO THE JURY, AND FOR UNNECESSARILY ELICITING TESTIMONY FROM PETITIONER WHEN SUCH TESTIMONY ONLY PROVED TO ASSIST THE PROSECUTION IN ITS BURDEN OF PROOF FOR THE ELEMENT OF HANDLING FIREARMS WHILE INTOXICATED, R.C. §2929.15.

APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE TRIAL COUNSEL'S INCOMPETENCE AND INEFFECTIVENESS FOR FAILING TO MOVE TO SEVER THE INVOLUNTARY MANSLAUGHTER COUNT OF THE INDICTMENT FROM THE HAVING A WEAPON WHILE UNDER DISABILITY COUNT OF THE INDICTMENT BECAUSE HAD THE PROSECUTOR NOT REVEALED PETITIONER'S PRIOR-CRIMINAL-RECORD TO THE JURY, THE HAVING WEAPON WHILE UNDER DISABILITY COUNT WOULD HAVE INFORMED THE JURY THAT

---

[1]  In his Traverse Fetter mistakenly argues that Respondent has failed to address his claim that trial counsel was ineffective for failing to keep the count of "having a weapon while under a disability" from going to the jury rather than bifurcating this count from the count of manslaughter and trying it to the bench.  This failure to bifurcate, Fetter contends, allowed the jury to learn of Fetter's prior criminal record to the jury.

Fetter makes no mention of this claim in his third ground for relief, in which he argues that he is entitled to relief because he had ineffective assistance of trial counsel.  The only appearance of this claim is in the context of his fourth ground for relief, ineffective assistance of *appellate* counsel for failing to object to trial counsel's ineffectiveness.  Respondent has fully addressed that claim.

PETITIONER HAS A PRIOR-CRIMINAL-RECORD, DENYING THE PETITIONER DUE PROCESS OF LAW DUE TO INCOMPETENT, INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

(Punctuation in the original). Respondent filed an answer to the petition on April 29, 2005 (Docket #10). Fetter filed a traverse on June 29, 2005. Thus, the petition is ready for decision.

I

*A.* *Jurisdiction*

Writs of habeas corpus may be granted by a district court within its respective jurisdiction

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) and (d). Fetter was convicted in the court of common pleas in Wayne County, and Fetter filed his writ of habeas corpus in the Northern District of Ohio. This court has jurisdiction over Fetter's petition.

Respondent argues that Fetter's second ground for relief, conviction against the manifest weight of the evidence, is not cognizable in a petition for federal habeas corpus relief. Such a claim challenges the court's jurisdiction to hear that ground for relief.

The due process clause of the Fourteenth Amendment requires that a criminal conviction be based upon proof beyond a reasonable doubt as to every fact necessary to constitute the offense charged. *In re Winship*, 397 U.S. 358, 363-64 (1970). The test of whether a conviction is supported by sufficient evidence is "whether, after viewing the

9

evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A habeas court resolves all conflicting inferences in favor of the prosecution, and does not weigh the credibility of witnesses. *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir.), *cert. denied*, 464 U.S. 962 (1983). The evidence need not be sufficient to convince the habeas court of the petitioner's guilt beyond a reasonable doubt. *Fuller v. Anderson*, 662 F.2d 420, 435 (6th Cir. 1981), *cert. denied*, 455 U.S. 1028 (1982). Any conviction based upon evidence sufficient to convince any rational trier of fact of the essential elements of the crime without a reasonable doubt offends the due process clause and may serve as grounds for habeas relief.

A claim that a conviction is against the manifest weight of the evidence differs from a claim that a conviction was based on insufficient evidence:

> With respect to sufficiency of the evidence, "'sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." Black's Law Dictionary (6 Ed.1990) 1433. See, also, Crim. R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. *Tibbs v. Florida* (1982), 457 U.S. 31, 45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, citing *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.

> Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. *Robinson, supra,* 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149. Weight of the evidence concerns "the inclination of the *greater amount of credible evidence,* offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party

having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them.  Weight is not a question of mathematics, but depends on its *effect in inducing belief.*"  (Emphasis added.)  Black's, *supra,* at 1594.

When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "'thirteenth juror'" and disagrees with the factfinder's resolution of the conflicting testimony.  *Tibbs,* 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661.  See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.  The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

*State of Ohio v. Thompkins*, 78 Ohio St. 3d 380, 387-88, 678 N.E.2d 541, 546-47 (1997).

*See also Tibbs v. Florida*, 457 U.S. 31, 37-38, 38 n.11 (1982); *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979).

A federal court reviewing a petition for a writ of habeas corpus has no authority to re-weigh the credibility of witnesses at trial.  *Marshall v. Lonberger*, 459 U.S. 422 (1983).  It is incapable, therefore, of determining whether a conviction was against the manifest weight of the evidence.  It may only determine whether a conviction was based on *sufficient* evidence.  Fetter's claim that his conviction was against the manifest weight of the evidence, therefore, is not cognizable in federal habeas corpus.   For this reason the magistrate judge recommends that the court find that this claim is outside the court's jurisdiction.

B.    *Evidentiary hearing*

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances

when the factual basis of a claim has not been adequately developed in state court proceedings. 28 U.S.C. § 2254(e)(2). There is no need for an evidentiary hearing in the instant case. All Fetter's claims involve legal issues which can be independently resolved without additional factual inquiry.

C.    *Exhaustion of state remedies*

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus. 28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991). If any state procedures for relief remain available, the petitioner has not exhausted state remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies. *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard*, 404 U.S. at 275; *see also Harris v. Reeves*, 794 F.2d 1168. 1174 (6th Cir. 1986). The exhaustion requirement is satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims. *Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

Fetter has exhausted direct appeals for all his claims. Because Fetter has no remaining state remedies available, his claims have been exhausted.

D.    *Procedural default*

12

Procedural default occurs when a petitioner fails to present fairly his or her constitutional claims to the highest state court in a federal constitutional context.  *Anderson*, 489 U.S. 4; *Picard*, 404 U.S. 270.  Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure."  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  When a petitioner

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If the state argues that a petitioner has procedurally defaulted a claim, the court must conduct a four-step analysis to determine whether the petitioner has indeed defaulted and, if so, whether the procedural default may be excused:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. . . . This question generally will involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims. . . . [Fourth, if] the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate . . . that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  A default will also be excused if petitioner demonstrates that not excusing the default "will result in a fundamental miscarriage

of justice." *Coleman*, 501 U.S. at 750. "[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence . . . ." *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).

Respondent argues that Fetter has procedurally defaulted his first ground for relief, that his rights to due process and a fair trial were violated when he was found guilty of involuntary manslaughter despite insufficient evidence that he was committing a misdemeanor while the victim was shot. Respondent contends that Fetter procedurally defaulted this claim when he moved for acquittal in the trial court only on the count of having a weapon while under a disability and not on the count of involuntary manslaughter. Indeed, Fetter's counsel told the court when he first moved for acquittal at the close of the state's case, "With respect to the first count of the indictment, we're not going to move for a judgment of acquittal. Intellectual honesty says the State put on its case and we'll have an opportunity to argue it to a Jury." Transcript of Proceedings, Answer, Exh. 27, p. 225.

Ohio Crim. R. 29(A) permits defendant to move for acquittal on the grounds that the evidence presented is insufficient to sustain a conviction. In a case tried to a jury, if an Ohio defendant fails to file motions to acquit on the grounds of insufficient evidence at the close of the state's case and at the close of the defendant's case, the defendant waives his right to raise that issue on appeal. *See State v. Roe*, 41 Ohio St. 3d 18, 25, 535 N.E.2d 1351, 1360 (1989); *City of Dayton v. Rogers*, 60 Ohio St. 2d 162, 163, 398 N.E.2d 781, 782 (1979). The state appellate court enforced this rule on Fetter's direct appeal, noting that his default barred consideration of his claim. *Fetter*, 2003 WL 22439742 at *1-*2. Ohio Crim. R. 29(A) and the

waiver of appeal for failing to avail oneself of the motion permitted by the rule are independent of federal law, and Fetter cites no evidence that Ohio courts do not regularly observe these rules.  Thus, Ohio Crim. R. 29(A) and the requirement that defendants wishing to claim insufficiency of evidence on appeal must avail themselves of Ohio Crim. R. 29(A) motions are an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.[2]  Fetter's claim is procedurally defaulted, therefore, unless he shows cause and prejudice for his default.  As described by the state appellate court above, the evidence against Fetter was overwhelming. This court must take the facts as found by the trial court as true unless Fetter shows otherwise by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Had Fetter moved timely in the trial court to dismiss for insufficient evidence, that claim would have been overruled.  Consequently, Fetter cannot show prejudice resulting from his default. The magistrate judge recommends, therefore, that the court overrule Fetter's first ground for relief as procedurally defaulted.

III

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus.  As amended, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was

---

[2] Respondent cites *Untied States v. Davis*, 992 F.2d 635 (6th Cir. 1993), and *United States v. Connery*, 867 F.2d 929 (6th Cir. 1989), for the proposition that Ohio Crim R. 29(A) is an adequate and independent state ground which may bar habeas relief when a claim is procedurally defaulted.  As both those cases involved Fed. R. Crim. P. 29 and not the corresponding Ohio rule, they have no bearing on this case.

15

adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under the current deferential standard of review, a writ of habeas corpus may issue only if the state court's decision is contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence. *Williams v. Taylor*, 529 U.S. 362, 379-90 (2000); *Miller v. Francis*, 269 F.3d 609, 613-14 (6th Cir. 2001). Law is "clearly established" only by holdings of the Supreme Court, not its dicta, and the law must be clearly established at the time of the petitioner's conviction. *Harris v. Stovall*, 212 F.3d 940, 943-44 (6th Cir. 2000).

Courts must give independent meaning to the phrases "contrary to" and "unreasonable application of" in § 2254(d)(1):

Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* ... clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams*, 529 U.S. at 405 (emphasis added by the quoting court). A decision is "contrary to" clearly established federal law if it reaches a conclusion opposite to that reached by Supreme Court holdings on a question of law or if it faces a set of facts materially indistinguishable from relevant Supreme Court precedent and still arrives at an opposite result. *Id.* "A state-court decision will certainly be contrary to our clearly established precedent if the state court applies

16

a rule that contradicts the governing law set forth in our cases." *Id.* A decision involves an unreasonable application of federal law only if the deciding court correctly identifies the legal principle at issue and unreasonably applies it to the facts of the case at hand. *Doan v. Brigano*, 237 F.3d 722, 729-31 (2001). If a court fails to identify the correct legal principal at issue, the "unreasonable application of" clause does not apply. *Id.* at 730.

"[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The petitioner, however, may rebut "the presumption of correctness by clear and convincing evidence." *Id.* The magistrate judge will consider Fetter's remaining claims under the deferential standard of review accorded the state court's determination of a prisoner's constitutional claims.

A.    *Whether Fetter was denied effective assistance of trial counsel*

Fetter contends in his third ground for relief that he was denied effective assistance of trial counsel when counsel failed to include the charge of involuntary manslaughter in Fetter's motion for acquittal, thus preserving the issue for appeal. Respondent denies that Fetter was denied effective assistance of trial counsel.

The standard for determining whether petitioner's counsel was ineffective is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *see also Groseclose v. Bell*, 130 F.3d 1161, 1167 (6th Cir. 1997). A claim of ineffective assistance of counsel has two components:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the

17

"counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687; *see also Groseclose*, 130 F.3d at 1167.

The first prong of this test, the showing of deficient performance, is an objective one: "[T]he proper standard for attorney performance is that of reasonably effective assistance. . . . When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness," as judged by "prevailing professional norms." *Strickland*, 466 U.S. 687-88; *see also Groseclose*, 130 F.3d at 1167. Scrutiny of counsel's performance is highly deferential to avoid second-guessing an adverse decision. *Strickland*, 466 U.S. at 689; *see also Groseclose*, 130 F.3d at 1167. The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Groseclose*, 130 F.3d at 1167. A court reviewing counsel's performance "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ." *Id.* at 690-91 (1984); *see also Groseclose*, 130 F.3d at 1167-6.

The second prong of the test for ineffective assistance of counsel is whether the error prejudiced petitioner:

>An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.

*Strickland*, 466 U.S. at 690-91 (citations omitted); *see also Groseclose*, 130 F.3d at 1168.

Further "the burden rests on the accused to demonstrate a constitutional violation." *United States v. Cronic*, 466 U.S. 648, 658 (1984). Showing a constitutional violation requires showing that "counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Nix v. Whiteside*, 475 U.S. 157, 175 (1986). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). A reviewing court must ask itself "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 695; *see also Groseclose*, 130 F.3d at 1168.

In addressing Fetter's claim that he was denied effective assistance of counsel because counsel failed to move pursuant to Ohio Crim. R. 29(A) to dismiss the charge of involuntary manslaughter, the state appellate court made the following findings of fact and law:

>The United States Supreme Court enunciated a two-part test to determine whether counsel's assistance was ineffective as to justify a reversal of sentence or conviction. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed.2d 674. "First, the defendant must show that counsel's performance was deficient." *Id.* To show the deficiencies in counsel's performance, a defendant must prove "errors so serious that counsel was not functioning as the 'counsel' guaranteed

the defendant by the Sixth Amendment." *Id.* Second, a defendant must establish that counsel's deficient performance resulted in prejudice to the defendant which was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

Although "it is customary for defense counsel to make a motion for acquittal as a matter of course to test the sufficiency of the state's evidence, the failure to follow that course of action [does] not mean the performance of a defendant's trial counsel fell below a reasonable standard of representation." (Citation omitted.) *State v. Scott,* 6th Dist. No. S-02-026, *2003-Ohio-2797,* at ¶ 21, citing *State v. Jenkins* (Mar. 31, 1998), 6th Dist. No. L-97-1303.  Despite this custom of raising a motion for acquittal, counsel is not required to raise meritless motions.  See *State v. Tibbetts* (2001), 92 Ohio St. 3d 146, 164-165, 749 N.E.2d 226; *State v. Bradley* (2001), 91 Ohio St. 3d 570, 571, 747 N.E.2d 819.

Mr. Fetter asserts that his trial counsel should have moved for an acquittal pursuant to Crim. R. 29 on the grounds that the State failed to present sufficient evidence to sustain a conviction for involuntary manslaughter.  In resolving Mr. Fetter's second assignment of error, we concluded that his conviction for involuntary manslaughter was not against the weight of the evidence.  As "a determination that [a] conviction is supported by the weight of the evidence [is] dispositive of the issue of sufficiency," we find that a motion for acquittal based on insufficient evidence would have been meritless. (Emphasis omitted).  See *State v. Roberts* (Sept. 17, 1997), 9th Dist. No. 96CA006462; *State v. Murphy,* 4th Dist. No. 03CA12, *2003-Ohio-4939,* at ¶ 21.  Accordingly, the failure of Mr. Fetter's trial counsel to move for acquittal pursuant to Crim.R. 29 did not constitute ineffective assistance of counsel.  Consequently, Mr. Fetter's fourth assignment of error is overruled.

*Fetter*, 2003 WL 22439742 at *4-*5.  Fetter does not show by clear and convincing evidence that the state appellate court's finding of fact that a motion for acquittal on the count of involuntary manslaughter would have been futile. This court must, therefore, accept that finding as true.  Consequently, the state appellate court's conclusion that Fetter did not have ineffective assistance of trial counsel because trial counsel failed to move to acquit on the ground of involuntary manslaughter does not contradict any holding of the United States Supreme Court.  For this reason the magistrate judge recommends that the court overrule Fetter's third ground for relief.

B.      *Whether Fetter was denied effective assistance of appellate counsel*

Fetter contends in his fourth ground for relief that he was denied effective assistance of appellate counsel because appellate counsel failed to raise on appeal claims that trial counsel was ineffective for the following reasons:  (1) failing to object to the prosecutor's revelation in voir dire of Fetter's prior criminal record; (2) failing to take the steps necessary to prohibit Fetter's prior criminal record from being revealed to the jury and eliciting testimony from Fetter which aided the prosecution; and (3) failing to move to sever the count of having a weapon while under a disability from the count of involuntary manslaughter to avoid revealing Fetter's prior criminal record to the jury.  Respondent denies that Fetter was denied effective assistance of appellate counsel.

In addressing Fetter's claim that he was denied effective assistance of appellate counsel, the state appellate court made the following findings of fact and law:

> Applying *Strickland*, we find that Appellant had failed to raise a genuine issue of ineffective assistance of counsel.  Appellant asserts that he was denied effective assistance of appellate counsel, as his appellate counsel did not assign as error that Appellant was denied effective assistance of trial counsel.  In particular, Appellant asserts that his trial counsel was ineffective because (1) he failed to object to the State's introduction of Appellant's criminal record; (2) he failed to move to separate the charges; and (3) he called Appellant to testify at trial.
> Failure to object to error is insufficient to prove ineffective assistance of counsel. *State v. Holloway* (1988), 38 Ohio St. 3d 239, 244.  Furthermore, competent counsel may reasonably hesitate to object in the jury's presence because objections tend to disrupt the flow of the trial, and are considered technical and bothersome to the jury. *State v. Campbell* (1994), 69 Ohio St. 3d 38, 53, quoting Jacobs, Ohio Evidence *1989), at iii-iv.  Additionally, there are numerous avenues by which counsel can provide effective assistance of counsel in any given case, and debatable trial strategies do not constitute ineffective assistance of counsel. *State v. Gales* (Nov. 22, 2000), 9th Dist. No 00CA007541; *State v. Clayton* (1980), 62 Ohio St. 2d 45, 49. Trial counsel's decision not to move to separate the charges and to call a defendant to testify at trial are part of sound trial strategy. *State v. Queen* (July 5, 2001), 9th Dist. No. 3115-M; *State v. John* (Jan. 30, 1989), 12th Dist. No. CA88-02-002.

21

Therefore, appellate counsel in the exercise of professional judgment could easily conclude that assigning as error those assertions raised by Appellant in terms of ineffective assistance of trial counsel would not be successful. *State v. Jones*, 8th Dist. No. 80732, 2003-Ohio-4397, at ¶8 (denying motion for reopening on the basis that appellate counsel was not ineffective because it failed to assign as error trial counsel's failure to request jury instructions on lesser included offenses, as this fell within the scope of trial strategy, and, therefore, such an assignment of error would be unsuccessful).

*State v. Fetter*, C.A. No. 03CA0012 (Ohio Ct. App. Feb. 23, 2004). Fetter does not show by clear and convincing evidence that the state appellate court's finding of fact that a claim of ineffective assistance of trial counsel would have been unsuccessful. This court must, therefore, accept that finding as true. Consequently, the state appellate court's conclusion that Fetter did not have ineffective assistance of appellate counsel because appellate counsel failed to argue ineffective assistance of trial counsel does not contradict any holding of the United States Supreme Court. For this reason the magistrate judge recommends that the court overrule Fetter's fourth ground for relief.

IV

For the reasons given above the magistrate judge recommends that the court overrule Fetter's petition and dismiss it with prejudice.

Date: July 11, 2005                    /s/Patricia A. Hemann
                                        Patricia A. Hemann
                                        United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See United States v.*

*Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985) reh'g denied, 474 U.S. 1111 (1986).