**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| DENNY FETTER, ) | CASE NO. 5: 05 CV 0112 |
| ) | |
| Petitioner, ) | |
| ) | JUDGE DONALD C. NUGENT |
| v. ) | |
| ) | |
| ) | MEMORANDUM OPINION |
| CARL S. ANDERSON, WARDEN, ) | AND ORDER |
| ) | |
| Respondent. ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Patricia A. Hemann. The Report and Recommendation (ECF #14), submitted on July 11, 2005, is hereby ADOPTED by this Court.

## Procedural and Factual Background

On June 28, 2002, a jury found Petitioner guilty of involuntary manslaughter with a firearm specification and having a weapon while under a disability. On July 3, 2002, Petitioner was sentenced to four years for involuntary manslaughter and one year for having a weapon while under a disability, such sentences to be served concurrently. In addition, Petitioner was sentenced to three years for the firearm specification, to be served consecutively to the other sentences.

Petitioner filed a federal Petition for a Writ of Habeas Corpus with this Court on January 20, 2005. Petitioner raises four (4) claims as grounds for relief:

(1). Petitioner's rights to due process and a fair trial was denied [sic] when the state trial court convicted him of involuntary manslaughter, in the absence of competent and credible evidence that he was in the process of committing a

     misdemeanor when the victim was shot, in violation of Fifth, and Fourteenth Amendments to the United States Constitution.

(2). Petitioner's right to due process was violated, by the trial court, when it convicted him of involuntary manslaughter, when that finding was against the manifest weight of the evidence, in violation of Fifth and Fourteenth Amendments to the United States Constitution.

(3). Petitioner's right to the effective assistance of trial counsel was violated when counsels' [sic] failed to include the involuntary manslaughter offense in their motions for acquittal, violative of the Sixth and Fourteenth Amendments to the United States Constitution.

(4). Petitioner was denied effective assistance of "appellate" counsel for failing to raise that, trial counsel was incompetent by failing to object when the prosecutor, during voir dire, revealed to the jury petitioner's prior-criminal-record of more than ten years old, depriving petitioner of the Sixth Amendment right to competent representation and effective assistance of counsel, violative of Evid. R. 609(B).

    Appellate counsel was ineffective for failing to raise trial counsel's incompetence when failing to take the necessary steps to prohibit petitioner's prior-criminal-recore [sic] from being revealed to the jury, and for unnecessarily eliciting testimony from petitioner when such testimony only proved to assist the prosecution in its burden of proof for the element of handling firearms while intoxicated, R.C. § 2929.15.

    Appellate counsel was ineffective for failing to raise trial counsel's incompetence and ineffectiveness for failing to move to sever the involuntary manslaughter count of the indictment from the having a weapon while under disability count of the indictment, because had the prosecutor not revealed petitioner's prior-criminal-record to the jury, the having weapon while under disability count would have informed the jury that petitioner has a prior-criminal-record, denying the petitioner due process of law due to incompetent, ineffective assistance of trial counsel.

(Punctuation in original).

  Pursuant to Local Rule 72.2, this matter was referred to Magistrate Judge Hemann for the preparation of a report and recommendation. Magistrate Judge Hemann issued her Report and Recommendation on July 11, 2005, recommending that Petitioner's Writ of Habeas Corpus be denied.

Petitioner filed his objection to that Report and Recommendation on August 4, 2005. Respondent did not respond to Petitioner's objection. The Court herein reviews the Report and Recommendation and Petitioner's objection.

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Accordingly, this Court will review the Report and Recommendation, to which an objection has been filed, de novo. *See Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

### Conclusion

Petitioner objects to the Magistrate Judge's Report and Recommendation as to his fourth ground for relief. (ECF #20 at 3.) In doing so, Petitioner generally sets forth two arguments. First, Petitioner suggests that, had the Magistrate Judge focused on his argument that trial counsel should have requested a mistrial relating to the introduction of evidence concerning his prior criminal record, she would have found ineffective assistance of counsel. (ECF #20 at 2 ("Although the State Appellate Court, Ohio Attorney General, and the Magistrate Judge all have

ignored the word 'mistrial' cited within Petitioner's state court motion, it is this word that makes the error substantial.").) Next, Petitioner argues that the Magistrate Judge appears to be biased, in that her "Report & Recommendation is pro-prosecutor and is one-sided." (ECF #20 at 2.) In support of this theory, Petitioner states that the Magistrate Judge issued the Report and Recommendation on the same date that he filed his Motion for Expansion of the Record, in order to avoid ruling on the motion and to "by-pass[ ] the evidence Petitioner was seeking to have placed in the record. . . ." (ECF #20 at 3.)

This Court has reviewed the Report and Recommendation of this case de novo and has considered all of the pleadings, affidavits, motions, and filings of the parties. After careful evaluation, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own. Nothing stated in Petitioner's objection convinces this Court that the Magistrate Judge's Report and Recommendation is in error. Accordingly, Petitioner's objection to the Report and Recommendation is OVERRULED, the Report and Recommendation of Magistrate Judge Hemann is hereby ADOPTED, and Petitioner's Petition for a Writ of Habeas Corpus is DISMISSED.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: August 15, 2005